[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Defendant-appellant, Romando Brazzile, entered a plea of guilty and received an agreed sentence for the offense of possession of cocaine. Despite the agreed sentence, Brazzile now claims in a single assignment of error that the portion of the sentence addressing the duration of the community-control sanctions was ambiguous, and that he should have received only one year of community control instead of three. We disagree.
Agreed sentences are not subject to appellate review, so long as they are jointly recommended, authorized by law, and do not exceed the maximum term prescribed by statute for the offense. See R.C. 2953.08(D); State v. Griffin (July 24, 1998), Hamilton App. Nos. C-970507 and C970527, unreported; State v. Henderson
(Sept. 27, 1999), Warren App. No. CA99-01-002, unreported. In this case, the agreed sentence recommended in writing to the trial court contained a paragraph that allowed the court to impose up to three years of community control, was authorized by law, and did not exceed the maximum possible term for possession of cocaine.
We further note that, prior to accepting Brazzile's guilty plea, the trial court advised him that it could impose up to three years of community control and asked Brazzile specifically if he understood that the court would determine the duration of his community control. Satisfied that Brazzile understood his plea and had agreed to the recommended sentence, the trial court ordered Brazzile to serve a three-year period of community control. We hold that the agreed sentence was lawfully imposed.
Brazzile's assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.